UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

CASE NO.:

Olga Bonano,
Toby James,
And other similarly
situated individuals

    Plaintiffs,

v.

Utopian Support
Services, LLC,

    Defendant,
_____/

**COLLECTIVE ACTION COMPLAINT**
(OPT-IN PURSUANT TO 29 U.S.C § 216(b))

Come now, the Plaintiffs Olga Bonano and Toby James, and other similarly situated individuals by and through the undersigned counsel, and hereby sue Defendant Utopian Support Services, LLC, and allege:

Jurisdiction Venues and Parties

1. This is an action to recover monetary damages for unpaid half-time overtime hours under the laws of the United States. Jurisdiction is conferred on the Court by Title 28 USC § 1337 and by Title 29 USC §201-219 (Section 216 (b) for jurisdictional placement).

2. Plaintiff Olga Bonano was a resident of Marion County, Florida, within this Honorable Court jurisdiction and is otherwise sui juris. Plaintiff is a covered employee for purposes of the Act.

3. Plaintiff Toby James was a resident of Orange County, Florida, within this Honorable Court jurisdiction and is otherwise sui juris. Plaintiff is a covered employee for purposes of the Act.

4. Corporate Defendant Utopian Support Services, LLC (hereinafter Utopian Support, or Defendant) is a Florida Corporation having a place of business in Lake County, Florida. Defendant was and is engaged in interstate commerce.

5. All the actions raised in this complaint took place in Lake County, Florida, within this Court's jurisdiction.

General Allegations

6. Plaintiffs Olga Bonano and Toby James bring this cause of action as a collective action to recover from the Defendant minimum wages, overtime compensation liquidated damages and the costs and reasonable Attorney's fees under the provisions of Fair Labor Standards Act, as amended, 29 USC § 201 *et seq* (the "FLA or the "ACT"), on behalf of Plaintiffs and all other current and former employees similarly situated to Plaintiffs ("the asserted class") and

who worked in excess of forty (40) hours during one or more weeks on or after March 2020, (the "material time") without being adequately compensated.

7. Defendant Utopian Support was and is engaged in interstate commerce as defined in §3(s) of the Act, 29 USC § 203(s)(1)(B). Defendant is a group home facility that provides room, board, personal, and healthcare services to persons with disabilities. This licensed group home living facility is "primarily engaged in the care of the sick, the aged, or the mentally ill."  Therefore, there is FLSA enterprise coverage.

8. Plaintiffs and those similarly situated employees were employed by an enterprise engaged in interstate commerce. Plaintiffs and those similarly situated worked as caregivers at a facility engaged in caring for the sick, the aged, or the mentally ill". Therefore, there is FLSA individual coverage.

9. <u>1.- Claim of Plaintiff Olga Bonano</u>

10. Defendant Utopian Support employed Plaintiff Olga Bonano from April 01, 2015, to April 30, 2022, or more than seven years. However, for FLSA purposes, Plaintiff's relevant employment period is 113 weeks.

11. Plaintiff had duties as a cook, cleaning person, housekeeper, and caregiver for the patients residing at Utopian Support.

12. For the relevant time, Plaintiff had a wage rate of $12.00 an hour. Plaintiff's overtime rate should be $18.00 an hour.

13. While employed by Defendant, Plaintiff worked 7 days per week. Every other weekend, Plaintiff worked on weekends a continued shift of 48 hours in addition to her regular schedule.

14. In regular weeks, Plaintiff worked from Monday to Sunday from 2:00 PM to 6:00 AM (16 hours daily). Plaintiff worked a total of 112 hours weekly.

15. In weeks with double shifts, Plaintiff worked the same schedule during the week, but Defendant required Plaintiff to start a continued shift of more than 24 hours, from Friday 11:00 PM to Sunday 11:00 PM (48 additional hours). Plaintiff worked a total of 160 hours.

16. When Plaintiff had a weekend shift, she was "on call" for 48 hours. She had to take care of the needs of sick patients. Plaintiff could not get an uninterrupted sleeping period of at least five hours. As such, 48 hours must be counted and paid as compensable hours worked. Plaintiff was unable to take bonafide lunch hours.

17. Thus, during her employment with Defendant, Plaintiff worked 56.5

weeks with 112 working hours and 56.5 weeks with 160 working hours weekly.

18. Plaintiff was paid for all her working hours but at her regular rate. Plaintiff worked in excess of 40 hours weekly, but she was not paid for overtime hours as required by law.

19. Plaintiff clocked in and out, and Defendant was in complete control of Plaintiff's schedule and activities.

20. Therefore, Defendant willfully and intentionally failed to pay Plaintiff overtime hours at the rate of time and one-half her regular rate for every hour that she worked over forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 USC 207(a)(1)).

21. Plaintiff was paid by direct deposits without paystubs providing basic information about the number of days and hours worked, wage rate paid, employee taxes deducted, etc.

22. On or about April 30, 2022, Plaintiff left her employment because she suffered a heart attack.

23. <u>2.- Claim of Plaintiff Toby James</u>

24. Defendant Utopian Support employed Plaintiff Toby James from June 01, 2022, to February 12, 2023, or 36 weeks.

25. Plaintiff had duties as a cook, cleaning person, housekeeper, and caregiver for the patients residing at Utopian Support.

26. For the relevant time, Plaintiff had a wage rate of $15.00 an hour. Plaintiff's overtime rate should be $22.50 an hour.

27. While employed by Defendant, Plaintiff worked from Friday, at 11:00 PM to Sunday, at 11:00 PM. Plaintiff worked a continued shift of 48 hours weekly.

28. Defendant required Plaintiff to start a continued shift of more than 24 hours, from Friday 11:00 PM to Sunday 11:00 PM (48 additional hours). Plaintiff worked a total of 160 hours.

29. Defendant required Plaintiff a shift of more than 24 hours. Plaintiff had an "on-call" shift of 48 hours. Plaintiff had to take care of the needs of sick patients. Plaintiff could not get an uninterrupted sleeping period of at least five hours. As such, 48 hours must be counted and paid as compensable hours worked. Plaintiff was unable to take bonafide lunch hours.

30. Plaintiff was paid for all his working hours but at his regular rate. Plaintiff worked in excess of 40 hours weekly, but he was not paid for overtime hours as required by law.

31. Plaintiff clocked in and out, and Defendant was in complete control

of Plaintiff's schedule and activities.

32. Therefore, Defendant willfully and intentionally failed to pay Plaintiff overtime hours at the rate of time and one-half his regular rate for every hour that he worked over forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 USC 207(a)(1).

33. Plaintiff was paid by direct deposits without paystubs providing basic information about the number of days and hours worked, wage rate paid, employee taxes deducted, etc.

34. On or about February 12, 2023, Plaintiff left his employment to pursue better employment opportunities.

35. Plaintiffs Olga Bonano and Toby James seek to recover unpaid overtime wages accumulated during their entire employment with Defendant, liquidated damages, and any other relief allowable by law.

## Collective Action Allegations

36. Plaintiffs bring this action pursuant to the Fair Labor Standards Act, 29 USC §§201, *et seq.* ("the Act"). Section 216 (b) for jurisdictional placement).

37. Plaintiffs contend that Defendant, in this case, violated the Fair Labor Standards Act by failing to pay the Plaintiffs and other similarly

situated individuals the proper compensation for overtime hours at the rate of time and one-half their regular rate.

38. The additional persons who may become Plaintiffs in this action are weekly-paid employees and/or former employees of Defendant who are and were subject to the unlawful payroll practices and procedures of Defendant and were not paid regular and overtime hours at the rate of time and one half their regular rate of pay for every hour worked over forty.

**COUNT I:**
**WAGE AND HOUR FEDERAL STATUTORY VIOLATION;**
**FAILURE TO PAY OVERTIME; AGAINST ALL DEFENDANT**
**CONCERNING PLAINTIFF OLGA BONANO**

39. Plaintiff Olga Bonano re-adopts every factual allegation stated in paragraphs 1-22 and 36-38 above as stated in full.

40. This cause of action is brought by Plaintiff Olga Bonano as a collective action to recover from the Defendant overtime compensation, liquidated damages, costs, and reasonable Attorney's fees under the provisions of the Fair Labor Standards Act, as amended, 29 USC § 201 *et seq* (the "FLA or the "ACT"), on behalf of Plaintiff and all other current and former employees similarly situated to Plaintiff ("the asserted class") and who worked more than forty (40) hours during one or more weeks on or after March 2020, (the "material time")

without being compensated "at a rate not less than one and a half times the regular rate at which he is employed."

41. Defendant Utopian Support employed Plaintiff Olga Bonano from April 01, 2015, to April 30, 2022, or more than seven years. However, for FLSA purposes, Plaintiff's relevant employment period is 113 weeks.

42. Plaintiff had duties as a cook, cleaning person, housekeeper, and caregiver for the patients residing at Utopian Support.

43. For the relevant time, Plaintiff had a wage rate of $12.00 an hour. Plaintiff's overtime rate should be $18.00 an hour.

44. While employed by Defendant, Plaintiff worked 7 days per week. Every other weekend, Plaintiff worked on weekends a continued shift of 48 hours in addition to her regular schedule.

45. In regular weeks Plaintiff worked from Monday to Sunday, a total of 112 hours weekly.

46. In weeks with double shifts, Plaintiff worked the same schedule during the week, but Defendant required Plaintiff to start a continued shift of more than 24 hours (48 additional hours). Plaintiff worked a total of 160 hours weekly.

47. When Plaintiff had a weekend double shift, she was "on call" for 48

hours. She had to take care of the needs of sick patients. Plaintiff was not able to get an uninterrupted sleeping period of at least five hours. As such, 48 hours must be counted and paid as compensable hours worked. Plaintiff was unable to take bonafide lunch hours.

48. Thus, during her employment with Defendant, Plaintiff worked 56.5 weeks with 112 working hours and 56.5 weeks with 160 working hours.

49. Plaintiff was paid for all her working hours but at her regular rate. Plaintiff worked in excess of 40 hours weekly, but she was not paid for overtime hours as required by law.

50. Plaintiff clocked in and out, and Defendant was in complete control of Plaintiff's schedule and activities.

51. Therefore, Defendant willfully and intentionally failed to pay Plaintiff overtime hours at the rate of time and one-half her regular rate for every hour that she worked over forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 USC 207(a)(1)).

52. Plaintiff was paid by direct deposits without paystubs providing basic information about the number of days and hours worked, wage rate paid, employee taxes deducted, etc.

53. On or about April 30, 2022, Plaintiff left her employment because she

suffered a heart attack.

54. The records, if any, concerning the number of hours worked by Plaintiff and those similarly situated and the compensation paid to such employees should be in Defendant's possession and custody. However, Defendant did not maintain accurate time records of hours worked by Plaintiff and other employees upon information and belief.

55. Defendant violated the record-keeping requirements of FLSA, 29 CFR Part 516.

56. Defendant never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their Federal rights to overtime and minimum wage payments.

57. Defendant violated the Posting requirements of 29 USC § 516.4.

58. Before the completion of discovery and to the best of Plaintiff's knowledge, at the time of the filing of this complaint, is as follows:

   \* Please note that this amount is based on a preliminary calculation. After proper discovery, Plaintiff will adjust her statement of claim.

   a. <u>Total amount of alleged unpaid O/T wages</u>:

   Ninety-Seven Thousand Six Hundred Thirty-Two Dollars and 00/100 ($97,632.00)

   b. <u>Calculation of such wages</u>:

Total period of employment: More than 7 years
Relevant weeks of employment: 113 weeks
Wage rate: $12.00 an hour x 1.5= $18.00
O/T rate: $18.00 an hour
Half-time: $9.00 an hour

**1.- Unpaid half-time overtime for 56.5 weeks with 112 hours**

Relevant weeks: 56.5
Total hours worked: 112 hours weekly
Total O/T hours: 72 O/T hours
Half-time: $9.00 an hour

$9.00 x 72 O/T hours= $648.00 weekly x 56.5 weeks=$36,612.00

**2.- Unpaid half-time overtime for 56.5 weeks with 160 hours**

Relevant weeks: 56.5
Total hours worked: 160 hours weekly
Total O/T hours: 120 O/T hours
Half-time: $9.00 an hour

$9.00 x 120 O/T hours= $1,080.00 weekly x 56.5 weeks=$61,020.00

Total # 1, and # 2: $97,632.00

c. Nature of wages (e.g., overtime or straight time):

This amount represents unpaid half-time overtime wages.[1]

59. At all times, the Employer/Defendant failed to comply with Title 29

USC §207 (a) (1). In that, Plaintiff and those similarly situated

---

[1] At this time, Plaintiff has limited time and payment records. Accordingly, Plaintiff estimates her damages and reserves the right to amend the calculations.

performed services and worked more than the maximum hours provided by the Act, but no provision was made by Defendant to properly pay them at the rate of time and one half for all hours worked over forty hours (40) per workweek as provided in said Act.

60. Defendant knew and showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remains owing Plaintiff and those similarly-situated these overtime wages since the commencement of Plaintiff's and those similarly situated employee's employment with Defendant, and Plaintiff and those similarly situated are entitled to recover double damages.

61. Defendant Utopian Support willfully and intentionally refused to pay Plaintiff overtime wages at the rate of time and one-half her regular rate, as required by the law of the United States, and remains owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendant as set forth above.

62. Plaintiff has retained the law offices of the undersigned Attorney to represent her in this action and is obligated to pay a reasonable Attorneys' fee.

<u>Prayer for Relief</u>

Wherefore, Plaintiff Olga Bonano and those similarly situated respectfully request that this Honorable Court:

A. Enter judgment for Plaintiff Olga Bonano and other similarly situated individuals and against Defendant Utopian Support based on Defendant's willful violations of the Fair Labor Standards Act, 29 USC § 201 et seq.; and

B. Award Plaintiff Olga Bonano actual damages in the amount shown to be due for unpaid overtime compensation for hours worked over forty weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable Attorney's fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

## Demand for a Jury Trial

Plaintiff Olga Bonano demands trial by a jury of all issues triable as of right by a jury.

## COUNT II:
## WAGE AND HOUR FEDERAL STATUTORY VIOLATION; FAILURE TO PAY OVERTIME; AGAINST ALL DEFENDANT CONCERNING PLAINTIFF TOBY JAMES

63. Plaintiff Toby James re-adopts every factual allegation stated in paragraphs 1-8 and 23-38 above as stated in full herein.

64. This cause of action is brought by Plaintiff Toby James as a collective action to recover from the Defendant overtime compensation, liquidated damages, costs, and reasonable Attorney's fees under the provisions of the Fair Labor Standards Act, as amended, 29 USC § 201 *et seq* (the "FLA or the "ACT"), on behalf of Plaintiff and all other current and former employees similarly situated to Plaintiff ("the asserted class") and who worked more than forty (40) hours during one or more weeks on or after June 2022, (the "material time") without being compensated "at a rate not less than one and a half times the regular rate at which he is employed."

65. Defendant Utopian Support employed Plaintiff Toby James from June 01, 2022, to February 12, 2023, or 36 weeks.

66. Plaintiff had duties as a cook, cleaning person, housekeeper, and caregiver for the patients residing at Utopian Support.

67. For the relevant time, Plaintiff had a wage rate of $15.00 an hour. Plaintiff's overtime rate should be $22.50 an hour.

68. While employed by Defendant, Plaintiff worked from Friday, at 11:00 PM to Sunday at 11:00 PM. Plaintiff worked a continued shift of 48

hours weekly.

69. Defendant required Plaintiff a shift of more than 24 hours. Plaintiff had an "on-call" shift of 48 hours. Plaintiff had to take care of the needs of sick patients. Plaintiff was not able to get an uninterrupted sleeping period of at least five hours. As such, 48 hours must be counted and paid as compensable hours worked. Plaintiff was unable to take bonafide lunch hours.

70. Plaintiff was paid for all his working hours but at his regular rate. Plaintiff worked in excess of 40 hours weekly, but he was not paid for overtime hours as required by law.

71. Plaintiff clocked in and out, and Defendant was in complete control of Plaintiff's schedule and activities.

72. Therefore, Defendant willfully and intentionally failed to pay Plaintiff overtime hours at the rate of time and one-half his regular rate for every hour that she worked over forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 USC 207(a)(1).

73. Plaintiff was paid by direct deposits without paystubs providing basic information about the number of days and hours worked, wage rate paid, employee taxes deducted, etc.

74. On or about February 12, 2023, Plaintiff left his employment to

pursue better employment opportunities.

75. The records, if any, concerning the number of hours worked by Plaintiff and those similarly situated and the compensation paid to such employees should be in Defendant's possession and custody. However, Defendant did not maintain accurate time records of hours worked by Plaintiff and other employees upon information and belief.

76. Defendant violated the record-keeping requirements of FLSA, 29 CFR Part 516.

77. Defendant never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their Federal rights to overtime and minimum wage payments.

78. Defendant violated the Posting requirements of 29 USC § 516.4.

79. Before the completion of discovery and to the best of Plaintiff's knowledge, at the time of the filing of this complaint, is as follows:

    * Please note that this amount is based on a preliminary calculation. After proper discovery, Plaintiff will adjust his statement of claim.

    a. <u>Total amount of alleged unpaid O/T wages</u>:

       Three Thousand Two Hundred Forty Dollars and 00/100 ($3,240.00)

    b. <u>Calculation of such wages</u>:

>Total period of employment: 36 weeks
>Relevant weeks of employment:  36 weeks
>Total hours worked: 48 hours weekly
>Total unpaid O/T hours: 8 O/T hours weekly
>Wage rate:  $15.00 an hour x 1.5= $22.50
>O/T rate: $22.50 an hour
>Half-time: $11.25 an hour
>
>$11.25 x 8 O/T hours= $90.00 weekly x 36 weeks=$3,240.00
>
>c. <u>Nature of wages (e.g., overtime or straight time):</u>
>
>This amount represents unpaid half-time overtime wages.[2]

80. At all times, the Employer/Defendant failed to comply with Title 29 USC §207 (a) (1). In that, Plaintiff and those similarly situated performed services and worked more than the maximum hours provided by the Act, but no provision was made by Defendant to properly pay them at the rate of time and one half for all hours worked over forty hours (40) per workweek as provided in said Act.

81. Defendant knew and showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remains owing Plaintiff and those similarly situated these overtime wages since the commencement of

---

[2] At this time, Plaintiff has limited time and payment records. Accordingly, Plaintiff estimates his damages and reserves the right to amend the calculations.

Plaintiff's and those similarly situated employee's employment with Defendant, and Plaintiff and those similarly situated are entitled to recover double damages.

82. Defendant Utopian Support willfully and intentionally refused to pay Plaintiff overtime wages at the rate of time and one-half his regular rate, as required by the law of the United States, and remains owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendant as set forth above.

83. Plaintiff has retained the law offices of the undersigned Attorney to represent him in this action and is obligated to pay a reasonable Attorneys' fee.

Prayer for Relief

Wherefore, Plaintiff Toby James and those similarly situated respectfully request that this Honorable Court:

A. Enter judgment for Plaintiff Toby James and other similarly situated individuals and against Defendant Utopian Support based on Defendant's willful violations of the Fair Labor Standards Act, 29 USC § 201 et seq.; and

B. Award Plaintiff Toby James actual damages in the amount shown to be due for unpaid overtime compensation for hours worked

over forty weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable Attorney's fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

<u>Demand for a Jury Trial</u>

Plaintiff Toby James demands trial by a jury of all issues triable as of right by a jury.

Date: March 30, 2023

    Respectfully submitted,

    By: **/s/ Zandro E. Palma**
    ZANDRO E. PALMA, PA.
    Florida Bar No.: 0024031
    9100 S. Dadeland Blvd.
    Suite 1500
    Miami, FL 33156
    Telephone:  (305) 446-1500
    Facsimile:  (305) 446-1502
    zep@thepalmalawgroup.com
    *Attorney for Plaintiffs*